Morphy, J.
This action is brought to recover a balance of $6807 40, alleged to be due by the defendant as the endorser of a protested note for $8922 83, drawn to his order, by James D. Spurlock. The defence set up is, that the plaintiff, having acquired the note sued on, after protest, holds it subject to all the equities and defences that might have been set up against the original holders, Lambeth and Thompson; that the latter, long before the maturity of this note, and for a valuable consideration, gave time to the maker, James D. Spurlock, without the defendant’s knowledge and consent, whereby he was discharged from all liability. The defendant further pleaded the prescription of five years. There was a judgment below in his favor, and the plaintiff appealed.
*184 The defence, mainly insisted upon in this court is that of prescription. The note sued on was protestéd on the 18th of January, 1836, and. service of citation in this suit, was made on the defendant only on the 17th of April, 1841. The plaintiff’s right to sue is, then, clearly barred, unless, as is contended by his counsel, there has been an interruption of the prescription. To prove such interruption, he has called our attention to several accounts current to be found in the record, between Lam-beth and Thompson, and the maker, James D. Spurlock. In one of them, which was approved and signed by the latter on the 27th of February, 1841, a credit on this note appears to have been given to him on the 16th of March, 1840, which reduced the debt to the sum now claimed. This is relied on as proving a payment made by the maker, from which it is said that there results such an acknowledgment of the debt as interrupts prescription, not only as to Spurlock, but also as to the defendant, who is bound, in solido, with him as endorser; and we have been referred to those articles of our Code which provide, that a suit brought against one of several debtors in solido, or his acknowledgment of the debt, interrupts prescription as to all of them. Arts. 2092, 3517. Admitting that the consent'given by Spurlock to the imputation made in this account current binds him, and must operate as an interruption of the prescription which was running on this note, this act of his cannot bar the defendant’s right to set up this plea, unless it be true that the maker and endorsers of a note are debtors, in solido, in the sense and meaning of the articles of the Code relied on. This, we are by no' means prepared to admit. The well known maxim of the civil law, a persona ad personam non Jü interruptio active nec passive, is not without its exceptions; but such exceptions should not be extended to cases not coming clearly within their purview and spirit. One of the several classes of persons whose acts are binding on each other, in relation to prescription, are debtors in solido; but there is a vast difference between the solidarity of persons who bind themselves, in solido, under the provisions of the Code, and that which arises under the commercial law between the drawers and endorsers of notes and bills of exchange. We understand that solidarity exists in the meaning *185 of the Code, when several persons bind themselves towards another for the same sum, at the same time, and in the same contract ; and so obligate themselves, that each may be compelled to pay the whole debt, and that payment made by one of them exonerates the others towards'the creditor; and the obligation thus contracted is one, in solido, although one of the debtors be obliged differently from the others to the payment of one and the same thing ; as, if the one be but conditionally bound, while the engagement of the others is pure and simple, or if the one is allowed a term which is not granted to the others. Civ. Code, arts. 2072, 2077, 2086, 2087. Such were, also, the requisites of the Roman law to create among debtors a perfect solidarity. 6 Toullier, No. 723. 2 Duranton on Obligations, No. 547. Pothier on Oblig. No. 263. In giving his views as to the reason why the Roman law gave to the acknowledgment of one of several debtors in solido, the effect of interrupting prescription as to the others, Toullier says, that it is to be found in the very nature of the obligation, and is clearly deducible from the law itself of Justinian, which declares, that it is just, humanum, that .the acknowledgment of a debt created by one and the same contract, uno eodemque contractu, should bind equally all the debtors to pay such debt. When, says this author, several debtors bind themselves for the same debt, in the same contract, they create among themselves a kind of partnership as regards that debt; they mutually charge each other by a tacit, yet real proxy to pay it. The debtor, then, who alone pays the whole debt, acts, not only for himself, but also for those whose share he pays ; and, in like manner, if he alone acknowledge the debt, he does so, not only in his own name, but also in that of his co-debtors, by virtue of their tacit proxy; and the interruption of prescription which results from such acknowledgment must exist and have its effect as to all of them. 6 Toullier, No. 729. From these remarks of the learned jurist, it is easy to perceive how different is the solidarity which exists between the drawer and endorsers of a promissory note, and how inapplicable to them are the provisions of our Code in relation to debtors in solido. Instead of being bound in the same contract and at the same time, the obligation of each of them arises from different and succes-
*186 sive contracts, without any privity or reciprocity between them. It is true, that when the note is protested, and the several endorsers are duly notified of such protest, they become each bound for the whole amount of the note towards the holder. This indebtedness of each of them for the whole debt creates, to be sure, a kind of imperfect solidarity between them, but it is not that contemplated by the Code. The obligation contracted in solido, says art. 2099, is, of right, divided amongst the debtors, who, between themselves, are liable each only for his part and portion. If one of the co-debtors, in solido, pay the whole debt, he can claim from the others no more than the part and portion of each. If one of them be insolvent, the loss occasioned by his insolvency must be equally shared amongst all the other solvent co-debtors, and him who has made the payment. Art. 2100. From these, and other provisions of the Code, it is apparent that the rights and relative position of debtors, in solido, therein spoken of, are widely different from those of the maker and endorsers of a promissory note or bill of exchange. Each endorsement is a distinct contract; it is a transfer of the amount due by the maker, for which each endorser or transferror becomes sue-' cessively bound towards the holder, if duly notified of the maker’s default. If payment is made by the maker, or the first endorser, they have nothing to claim of the subsequent parties on the note. If it is the last endorser who pays, he can claim the whole amount from any of the endorsers before him, or from the maker; and each endorser who pays, has the same right against every previous endorser, and so on to the maker. ■ It is in view of these striking differences between the debtors, in solido, as known to the civil law, and the drawer and endorsers of notes and bills of exchange, that Duranton expresses the opinion, that the rights and obligations of the latter are not to be governed wholly by the principles relative to obligations in solido, properly speaking. 2 Duranton, No. 563. We, therefore, conclude, that the provisions of the Code, in relation to the interruption of prescription, as regards debtors in solido, do not apply to the drawer and endorsers of notes, and other negotiable instruments used in commerce. The conclusion we have come to is at variance with the decision made by this court in Allain v. Longer, *187 4 La. 150; but, from the best consideration we have been able to give to the subject, we cannot give our assent to the doctrine therein laid down.
But it has been contended by the appellant’s counsel that, as it appears of record that the defendant was an accommodation endorser, he should be viewed in the light of a surety, and that, according to art. 3518, “a citation served on the principal debtor, or his acknowledgment, interrupts prescription on the part of the surety.” In the cases of Nolté & Co. v. Their Creditors, and of Dorsey & Co. v. Their Creditors, to which we have been referred, this court decided only on the rights of the payee against the maker on accommodation paper. We said, that the payee, or whoever may have lent his name to the maker or drawer, would not be permitted to recover from either, more than he had paid; but that, as to all other parties who come after the payee on the bill, the lex mercatoria was to apply, and to govern their rights and obligations. The suretyship between an accommodation endorser and the maker of a note exists only as between themselves; with respect to the holder, their liability must depend on the rules applicable to negotiable instruments in general. The holder must, therefore, take the necessary steps to bind them, and they can avail themselves of any defence which might belong to a maker, or endorser, on business paper. 5 Mart. N. S. 196. 6 Ib. N. S. 518. 7 Ib. N. S. 9, 498. 4 La. 468.
Bailey on Bills, 151.

Judgment 'affirmed.